# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00304-ADA-BAM |
| Plaintiff, | ORDER DENYING DEFENDANT ANTHONY CASTANEDA'S ORAL MOTION FOR TEMPORARY RELEASE |
| v. | |
| ANTHONY CASTANEDA, | (ECF Nos. 76, 77) |
| Defendant. | |

On May 24, 2023, Defendant Anthony Castaneda appeared before Magistrate Judge Stanley A. Boone for a status conference re pretrial violation petition. (ECF No. 76) Stephanie Stokman appeared at the hearing on behalf of the Government, and Richard Oberto appeared on behalf of the Defendant. After conducting a hearing pursuant to 18 U.S.C. § 3148(b), the Court ordered, pursuant to 18 U.S.C. 3142(i)(2)-(4), that Defendant be committed into custody. (ECF No. 77.) Thereafter, the Defendant made an oral motion for temporary release in order to attend the funeral of Defendant's father.

Under the Bail Reform Act, "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); see also United States of Am. v. Ryan, 445 F. Supp. 3d 707, 708 (C.D. Cal. 2020) ("Bail Reform Act

1

authorizes 'temporary release' pending trial into 'the custody of a United States marshal or another appropriate person' for (as pertinent here) 'compelling reasons' only.").

Having fully considered the motion, the motion for temporary release shall be denied for the reasons stated on the record at the hearing.  See United States v. Boatwright, 612 F. Supp. 3d 1169, 1179 (D. Nev. 2020) ("The Bail Reform Act allows for temporary release only if the Court determines such release is 'necessary' for a compelling reason."); United States v. Terrone, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020) ("A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)."); United States v. Navarro, No. 219CR00056JCMDJA, 2020 WL 5877816, at *1 (D. Nev. Oct. 2, 2020) ("Navarro simply argues that this Court should order his temporary release because his father's death and his attendance at the subsequent funeral is such a unique and compelling circumstance that § 3142(i) warrants release.  The Court is unpersuaded by this argument . . . The death of Navarro's father and his subsequent funeral, while tragic and disheartening, do not rise to the level of another compelling reason to release Navarro temporarily to attend the funeral given the record in this case and the previous detention order.").

Accordingly, IT IS HEREBY ORDERED that, for the reasons stated on the record on May 24, 2023, Defendant Anthony Castaneda's oral motion for temporary release is DENIED.

IT IS SO ORDERED.

Dated:   **May 24, 2023**

UNITED STATES MAGISTRATE JUDGE